UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE

<u>Russell Irving Jenna</u>,
    Claimant

        v.                              Case No. 13-cv-270-SM
                                        Opinion No. 2014 DNH 074

<u>Carolyn W. Colvin, Acting Commissioner</u>,
<u>Social Security Administration</u>,
    Defendant

## **O R D E R**

Pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3), Claimant, Russell Irving Jenna, moves (doc. no. 8) to reverse the Commissioner's decision denying his application for Social Security Disability Insurance Benefits under Title II of the Social Security Act and Supplemental Security Income Benefits under Title XVI of the Act.  <u>See</u> 42 U.S.C. §§ 423, 1381 et seq. The Commissioner objects and moves for an order affirming her decision (doc. no. 11).

**Factual Background**

I.   <u>Procedural History</u>

On November 8, 2010, claimant filed applications for Disability Insurance benefits ("DIB") and Supplemental Security Income benefits ("SSI benefits"), alleging that he had been unable to work since July 20, 2010.  He asserts eligibility for

benefits based on disabilities due to back problems, depression, and anxiety.  His applications for benefits were denied and he requested an administrative hearing before an Administrative Law Judge ("ALJ").

Claimant, who was represented by counsel, appeared and testified before an ALJ on March 13, 2012.  An impartial vocational expert testified at the hearing.  On April 27, 2013, the ALJ issued his written decision, concluding that claimant was not disabled.  On April 23, 2013, the Appeals Council denied claimant's request for review.  Accordingly, the ALJ's decision became the final decision of the Commissioner, subject to judicial review.

Claimant then filed a timely action in this court appealing the denial of benefits.  Now pending are claimant's "Motion for Order Reversing Decision of the Commissioner" (doc. no. 8) and the Commissioner's "Motion for Order Affirming the Decision of the Commissioner" (doc. no. 11).

II.  Stipulated Facts

Pursuant to Local Rule 9.1(d), the parties submitted a Joint Statement of Material Facts which, because it is part of the

court record (document no. 12), need not be recounted in this opinion.

## Standard of Review

I.  Properly Supported Findings by the ALJ are
    Entitled to Deference.

Pursuant to 42 U.S.C. § 405(g), the court is empowered "to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing."  Factual findings of the Commissioner are conclusive if supported by substantial evidence.[1]  See 42 U.S.C. § 405(g); Irlanda Ortiz v. Secretary of Health & Human Services, 955 F.2d 765, 769 (1st Cir. 1991).  Moreover, provided the ALJ's findings are supported by substantial evidence, the court must sustain those findings even when there may also be substantial evidence supporting the contrary position.  See Tsarelka v. Secretary of Health & Human Services, 842 F.2d 529, 535 (1st Cir. 1988) ("[W]e must uphold the [Commissioner's] conclusion, even if the record arguably could justify a different conclusion, so long

---

[1]    Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938).  It is something less than the weight of the evidence, and the possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's finding from being supported by substantial evidence.  Consolo v. Federal Maritime Comm'n., 383 U.S. 607, 620 (1966).

3

as it is supported by substantial evidence."). See also Rodriguez v. Secretary of Health & Human Services, 647 F.2d 218, 222 (1st Cir. 1981) ("We must uphold the [Commissioner's] findings in this case if a reasonable mind, reviewing the evidence in the record as a whole, could accept it as adequate to support his conclusion.").

In making factual findings, the Commissioner must weigh and resolve conflicts in the evidence. See Burgos Lopez v. Secretary of Health & Human Services, 747 F.2d 37, 40 (1st Cir. 1984) (citing Sitar v. Schweiker, 671 F.2d 19, 22 (1st Cir. 1982)). It is "the responsibility of the [Commissioner] to determine issues of credibility and to draw inferences from the record evidence. Indeed, the resolution of conflicts in the evidence is for the [Commissioner], not the courts." Irlanda Ortiz, 955 F.2d at 769 (citation omitted). Accordingly, the court will give deference to the ALJ's credibility determinations, particularly when those determinations are supported by specific findings. See Frustaglia v. Secretary of Health & Human Services, 829 F.2d 192, 195 (1st Cir. 1987) (citing Da Rosa v. Secretary of Health & Human Services, 803 F.2d 24, 26 (1st Cir. 1986)).

II.  <u>The Parties' Respective Burdens</u>

An individual seeking Social Security disability benefits is disabled under the Act if he or she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months."  42 U.S.C. § 423(d)(1)(A).  The Act places a heavy initial burden on claimant to establish the existence of a disabling impairment. See <u>Bowen v. Yuckert</u>, 482 U.S. 137, 146-47 (1987); <u>Santiago v. Secretary of Health & Human Services</u>, 944 F.2d 1, 5 (1st Cir. 1991).  To satisfy that burden, claimant must prove that his impairment prevents him from performing his former type of work. See <u>Gray v. Heckler</u>, 760 F.2d 369, 371 (1st Cir. 1985) (citing <u>Goodermote v. Secretary of Health & Human Services</u>, 690 F.2d 5, 7 (1st Cir. 1982)).  Nevertheless, claimant is not required to establish a doubt-free claim.  The initial burden is satisfied by the usual civil standard: a "preponderance of the evidence."  <u>See</u> <u>Paone v. Schweiker</u>, 530 F. Supp. 808, 810-11 (D. Mass. 1982).

If claimant demonstrates an inability to perform his previous work, the burden shifts to the Commissioner to show that there are other jobs in the national economy that he can perform. See <u>Vazquez v. Secretary of Health & Human Services</u>, 683 F.2d 1,

2 (1st Cir. 1982).  See also 20 C.F.R. §§ 404.1512(g).  If the Commissioner shows the existence of other jobs that claimant can perform, then the overall burden to demonstrate disability remains with claimant.  See Hernandez v. Weinberger, 493 F.2d 1120, 1123 (1st Cir. 1974); Benko v. Schweiker, 551 F. Supp. 698, 701 (D.N.H. 1982).

In assessing a disability claim, the Commissioner considers both objective and subjective factors, including: (1) objective medical facts; (2) claimant's subjective claims of pain and disability, as supported by the testimony of claimant or other witnesses; and (3) claimant's educational background, age, and work experience.  See e.g., Avery v. Secretary of Health & Human Services, 797 F.2d 19, 23 (1st Cir. 1986); Goodermote, 690 F.2d at 6.  When determining whether a claimant is disabled, the ALJ is also required to make the following five inquiries:

    (1)  whether claimant is engaged in substantial gainful activity;

    (2)  whether claimant has a severe impairment;

    (3)  whether the impairment meets or equals a listed impairment;

    (4)  whether the impairment prevents claimant from performing past relevant work; and

    (5)  whether the impairment prevents claimant from doing any other work.

20 C.F.R. § 404.1520.  Ultimately, a claimant is disabled only if
his:

> physical or mental impairment or impairments are of
> such severity that he is not only unable to do his
> previous work but cannot, considering his age,
> education, and work experience, engage in any other
> kind of substantial gainful work which exists in the
> national economy, regardless of whether such work
> exists in the immediate area in which he lives, or
> whether a specific job vacancy exists for him, or
> whether he would be hired if he applied for work.

42 U.S.C. § 423(d)(2)(A).


        With those principles in mind, the court reviews claimant's
motion to reverse and the Commissioner's motion to affirm her
decision.


                              **Discussion**

I.    The ALJ's Findings

        In concluding that claimant was not disabled within the
meaning of the Act, the ALJ properly employed the mandatory five-
step sequential evaluation process described in 20 C.F.R.
§ 404.1520.  He first determined that claimant had not been
engaged in substantial gainful employment since his alleged onset
of disability.  Next, he concluded that claimant has the severe
impairments of degenerative disc disease, obesity, tinnitus,
sleep apnea, status post left hand surgery for hyper-extended
thumb, attention deficit hyperactivity disorder, and mood

disorder with anxiety and depression.  Administrative Record ("Admin. Rec.") at 17-18.  The ALJ found to be "non-severe" claimant's bilateral knee pain, compression neuropathy status post left elbow surgery, right-sided carpel tunnel syndrome, labrynthitis, and pain and numbness in feet and toes.  Id. at 18. He further determined that claimant "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments."  Id. at 20.

The ALJ concluded that claimant had the residual functional capacity:

> to perform light work as defined in 20 CFR 404.1567(b) . . . except he is able to lift and/or carry up to 15 pounds occasionally and up to 10 pounds frequently and to sit, stand, and/or walk consistent with sedentary work with an ability to do each of these positions for up to one hour at a time without interruption.  He is able to occasionally operate foot controls primarily with the left foot.  He is unable to climb, ladders, ropes or scaffolds; kneel; or crawl.  He is able to occasionally climb stairs and ramps; crouch; and stoop. He is able to perform frequent but not constant fingering with his left (non-dominant) hand.  He is unable to work in a very quiet environment but can work in an office environment or an environment with others around where there is some background noise.  He is able to understand, remember and carry out moderately complex (4-5 step) tasks.  He is able to maintain focus for about an hour at a time with a couple of minute breaks to re-focus.  He is able to work around other people and to interact with coworkers on routine matters and to interact with the public on superficial issues but with a need to avoid crowds with the term crowd being defined as a group of more than 5-6 people that the claimant does not know.

Id. at 22.

The ALJ determined, therefore, that, although claimant "is unable to perform any past relevant work," he is capable of performing other "jobs that exist in significant numbers in the national economy."  Id. at 27.  Consequently, the ALJ concluded that claimant was not "disabled," at any time relevant to his decision.  Id. at 29.

II.  Claimant's Arguments

Claimant argues for reversal of the Commissioner's final decision on several grounds.  Because claimant's argument relating to functional limitations in the use of his left hand is meritorious and warrants remand, there is no need to consider the remaining arguments.

Claimant challenges the ALJ's RFC finding that he is limited to "frequent but not constant fingering with his left (non-dominant) hand."  He says that the ALJ should have assessed a more restrictive limitation to "occasional" fingering and handling, arguing that substantial evidence does not support the ALJ's less restrictive limitation.  As the VE's testimony established, in the context of the other physical and mental limitations contained in the RFC, a limitation to "occasional" fingering and handling would render claimant unable to perform jobs in the national economy.  See Id. at 28.

In identifying claimant's functional limitations, the ALJ must "assess ... [his] work-related abilities on a function-by-function basis." SSR 96–8p, 1996 WL 374184, at *1 (1996). Although the ALJ may supportably determine claimant's RFC without the benefit of an expert "super-evaluator," Evangelista v. Sec'y of Health & Human Servs., 826 F.2d 136, 144 (1st Cir. 1987), in most instances "an expert is needed" to help the ALJ assess the "extent of functional loss." Roberts v. Barnhart, 2003 WL 21435685, at *2 (1st Cir. 2003). See also Puig v. Astrue, 2009 WL 1096500, at *4 (D.N.H. April 21, 2009) (DiClerico, J.) ("In general, an ALJ, as a lay person, cannot interpret a claimant's medical records to determine his residual functional capacity. Instead, an ALJ must rely on residual functional capacity evaluations done by a physician or another expert.")

There is, here, no credited medical source opinion regarding claimant's hand limitations. The ALJ rejected Dr. MacEachran's opinion that claimant had no limitations in the use of his hand. He also permissibly rejected Dr. Sengupta's November 2011 opinion that claimant was limited to "occasional" fingering and handling because, among other reasons, Dr. Sengupta treated claimant for back, not hand, problems. See Admin. Rec. at 26. Without a medical expert's opinion regarding claimant's functional limitations in the use of his left hand, the ALJ's RFC

10

determination is without substantial support in the record.  See
Staples v. Astrue, 2010 WL 2680527, at *3 (D. Me. June 29, 2010).

    The Commissioner, necessarily, invokes the narrow exception
to the general rule that an expert opinion is required.  Under
that exception, an ALJ may "'render a commonsense judgment about
functional capacity'" when "'the medical evidence shows
relatively little physical impairment.'"  Couitt v. Astrue, 2012
WL 1114295, at *8 (D.N.H. April 3, 2012) (Barbadoro, J.) (quoting
Manso-Pizarro v. Secretary of Health & Human Servs., 76 F.3d 15,
17 (1st Cir. 1996)).  That exception, however, is inapplicable
under the circumstances of this case.  The ALJ was not entitled
to make a commonsense assessment of the record without first
addressing the opinion of claimant's primary care provider, nurse
practitioner Kimberly Fader, that claimant had more than a mild
limitation in the use of his left hand.[2]

    Fader opined that claimant could not work full days and was
limited to "occasional" reaching, grasping, and fingering with
his left hand.  The ALJ discussed, and rejected, Fader's opinion

---

[2]    Although "[i]nformation from . . . 'other sources'" such as
nurse practitioners, "cannot establish the existence of a
medically determinable impairment," such information, especially
when "based on special knowledge of the individual," can "provide
insight into the severity of the impairment(s) and how it affects
the individual's ability to function."  SSR 06-03p, 2006 WL
2329939, at *2.

as to full-time work, but failed to mention her opinion regarding
claimant's use of his left hand.[3]  Although the ALJ was entitled
to find the opinion "unworthy of credit, [he] was not entitled to
find it unworthy of comment." Lord v. Apfel, 114 F. Supp. 2d 3,
13 (D.N.H. 2000) (Barbadoro, J.).  See also Maio v. Astrue, 2011
WL 2199845, at *4 (D.N.H. June 7, 2011) (Laplante, J.) ("the ALJ
could not simply ignore [nurse practitioner] Wright's opinion" on
the ground that she was "not an acceptable medical source")
(internal quotation marks and alteration omitted); SSR 06-3p,
2006 WL 2329939, at *6.  ("[T]he case record should reflect the
consideration of opinions from medical sources who are not
'acceptable medical sources' and from 'non-medical sources' who
have seen the claimant in their professional capacity.").

Confronted with the ALJ's silence, the court cannot
determine whether Fader's opinion "was considered and implicitly
discredited or instead was simply overlooked." Lord, 114 F.
Supp. 2d at 13.  The ALJ's failure to address Fader's opinion
regarding claimant's use of this left hand was, therefore, legal

---

3    Cf. Spinale v. Barnhart, 2004 WL 45518, at *6 (D.N.H. Jan.
5, 2004) (Barbadoro, J.) (finding that the ALJ ignored relevant
evidence where he "render[ed] a decision referencing only the
first paragraph in Dr. Feitelson's letter dated January 11, 2002,
describing Spinale's diagnosis and irritability, but omit[ed] any
indication of the second paragraph where Dr. Feitelson noted that
Spinale's symptoms prevented her from working and would continue
to do so for 12 months").

error.  See Lord, 114 F. Supp. 2d at 13.  Remand is necessary.
See Frantz v. Astrue, 509 F.3d 1299, 1302 (10th Cir. 2007)
(remanding to the district court with directions to remand to the
Commissioner where "the ALJ referred to some of the evidence
gleaned from [the nurse's] treatment notes but did not discuss
what weight he gave to her opinion on the severity of
[claimant's] limitations and on the functional effect those
limitations have on her overall ability to work.")  That is not
to say that the record discloses an overlooked disability, but
merely that the ALJ's decision here does not adequately support
the conclusion reached.


### Conclusion

Claimant's motion to reverse the decision of the
Commissioner (doc. no. 8) is granted.  The Commissioner's motion
to affirm his decision (doc. no. 11) is denied.  This case is
remanded for further proceedings.  Because remand is pursuant to
sentence four of 42 U.S.C. Sec. 405(g), the Clerk of the Court is
instructed to enter judgment in accordance with this order and
close the case.

        **SO ORDERED.**

                                _____
                                Steven J. McAuliffe
                                United States District Judge

April 15, 2014

13

cc:   Tamara N. Gallagher, Esq.
      Karen B. Fitzmaurice, Esq.
      Robert J. Rabuck, Esq.